Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

FILED

MAR 1 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| United States District Court | District Northern District Illinois |
|---|---|
| Name (under which you were convicted): George Broches | Docket or Case No: 1267!-424 |
| Place of Confinement: | Prisoner No.: |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v.    George Broches | |

## MOTION

# 08 C 50036

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court for the Northern District of Illinois

   (b) Criminal docket or case number (if you know): _____ 05 CR 50037

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: _9-22-06_

3. Length of sentence: _97 months_

4. Nature of crime (all counts): _Bank Fraud, 18 U.S.C. §1344_

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☐        (2)  Guilty ☒        (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☐      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

(a) Name of court: _United States Court of Appeals, Seventh Circuit_

(b) Docket or case number (if you know): _06-3683_

(c) Result: _Appeal dismissed_

(d) Date of result (if you know): _January 25, 2008_

(e) Citation to the case (if you know): _____

(f) Grounds raised: _See Seventh Circuit Order, attached hereto._

_____

_____

_____

_____

_____

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:    Yes ❑  No ❑

(2)  Second petition:    Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: ___Ineffective assistance of Counsel_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
___See attached memorandum_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:
(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

GROUND TWO: _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

_____

_____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

   Ineffective assistance of Counsel's.  This ground is to be presented in a 2255 motion. _____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐  No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: __Peter O. Muldoon, 340 Houston St., Ste. C,__

   __Batavia, IL 60510__ _____

(b) At arraignment and plea: __Same__ _____

(c) At trial: ___No Trial__ _____

(d) At sentencing: _____Peter O. Muldoon, see (a) above_____

_____

Page 12

(e) On appeal: Johanna Christian, Federal Defender Office

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period
shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in
      violation of the Constitution or laws of the United States is removed, if the movant was
      prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if
      that right has been newly recognized by the Supreme Court and made retroactively
      applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been
      discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>That his sentence be</u>
<u>vacated and he be resentenced to a term not to exceed 51 months.</u>

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on *MARCH*
*5-2008* (month, date, year).

Executed (signed) on *3/5/2008* (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____
_____

---

IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

* * * * *

GROUND ONE

INEFFECTIVE ASSISTANCE OF COUNSEL

Counsel was ineffective for the reasons discussed below.

First, counsel did not object to the placement of Broches in criminal history Category II.  Counsel should have argued that Broches' criminal history category of II overstated the seriousness of his criminal history. The two prior convictions, which put Broches in Category II, were convictions for violations of local ordinances.  Both violations were the failure to file in connection with a local restaurant/bar tax.  Neither offense was a violation of state law.  Counsel should have argued for a downward departure under § 4A1.3(b).  Broches' criminal history category certainly did substantially over-represent the seriousness of his criminal history.  In fact, under the current guidelines, Broches' two prior convictions would not be counted.  See § 4A1.2(c)(2) (local ordinance violations that are not also violations of state criminal law are never counted).  The effect of moving Broches from Category II to Category I (with an offense level of 29) is a reduction at the low end of the range from 97 to 87 months.

Second, counsel should have objected to the obstruction of justice enhancement.  Apparently, counsel was not aware that the prosecution bears the burden of proving that the enhancement is warranted.  United States v. Hamm, 13 F.3d 1126, 1129-30 (7th Cir. 1994).  Counsel should have argued that Broches misstatements and/or omissions were (1) not material or (2) made with the specific intent to obstruct justice.  Without these factural predicates, the obstruction enhancement cannot stand.  See United States v. Ewing, 129 F.3d 430, 434 (7th Cir. 1997)(Section 3C1.1 requires specific intent to

obstruct justice); § 3C1.1, Application Note 4 (h) (materially false
information required); § 3C1.1, Application Note 5 (c) (incomplete or
misleading information not amounting to a material falsehood not enough).

The information that Broches failed to provide was in fact discovered
by the probation officer and included in the pre-sentence report.  There-
fore, the Court inself was not affected by the omission.  More importantly,
the inclusion of the missing information did not significantly change
Broches' overall financial picture.  In short, the omitted information was
not "material."  It did not, or tend to, influence or affect any issue
under determination.  See Application Note 6 to § 3C1.1.  And, there is
absolutely no evidence that Broches acted with the required specific intent;
the intent to obstruct justice.  Counsel for Broches never advanced any of
these arguments.  His failure to do so made him ineffective.

Without the obstruction enhancement, Broches' offense level would be
27 instead of 29.  With a proper criminal history Category (I), the applicable
guideline range would be 70-87 months.  And, with the obstruction enhance-
ment gone, Broches would receive credit for acceptance of responsibility.
In that event, Broches' offense level would be 24 and his guideline range
would be 51-63 months.

<div style="border">

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

</div>

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 29, 2007
Decided January 25, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE. S. SYKES, *Circuit Judge*

No. 06-3683

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>GEORGE BROCHES,<br>    *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Western Division<br><br>No. 05 CR 50037<br><br>Philip G. Reinhard,<br>*Judge* |

**ORDER**

George Broches pleaded guilty to bank fraud. *See* 18 U.S.C. § 1344. He was sentenced at the low end of the guidelines range to 97 months' imprisonment. Broches filed a notice of appeal, but his appointed counsel have moved to withdraw because they are unable to find a nonfrivolous basis for appeal. *See Anders v. California,* 386 U.S. 738 (1967). We invited Broches to respond to counsel's motion, *see* Cir. R. 51(b), and he has done so. Our review is limited to the potential issues identified in counsel's facially adequate brief and Broches' response. *See United States v. Schuh,* 289 F.3d 968, 973-74 (7th Cir. 2002).

The government agreed in a written plea agreement that Broches had accepted responsibility and, absent the discovery of conflicting evidence, was

therefore entitled to a three-point reduction in his offense level. *See* U.S.S.G. §3E1.1(a), (b). But the probation officer recommended in the presentence report that Broches receive a two-level upward adjustment for obstruction of justice, *see id.* § 3C1.1, and no reduction for acceptance of responsibility because he had willfully concealed assets from the probation officer. The probation officer explained that Broches had failed to disclose his ownership of a piece of real property worth approximately $30,000 and apparently had tried to conceal that he owned both his residence (which he transferred to his present landlord just two weeks before he was indicted) and a restaurant. The probation officer deemed this information necessary to accurately assess Broches' ability to pay restitution, which the parties agreed in the plea agreement he would owe in the amount of $271,997. *See* 18 U.S.C. §§ 3663(a)(3), 3663A, 3664. The probation officer also agreed with the government's recommendation that Broches receive a four-level increase in offense level for his role as a leader or organizer of the fraud scheme. *See* U.S.S.G. § 3B1.1(a).

At sentencing the district judge asked both defense counsel and Broches whether they had any objections to the presentence report. Both replied that they had none. The court, however, sua sponte addressed the proposed increase for obstruction of justice because it was not contemplated in the plea agreement. Broches was unable to provide a plausible explanation for his omissions. Defense counsel posited that they were simply "miscommunication[s] between him and Probation." The court disagreed; it found that Broches willfully failed to disclose assets. The court then adopted the probation officer's recommendations in full. After hearing argument on the sentencing factors in 18 U.S.C. § 3553(a), the court sentenced Broches at the low end of the guidelines range.

In their *Anders* submission, counsel first consider challenging the voluntariness of Broches' guilty plea, but properly avoid exploring that potential issue because Broches has told them that he does not wish to have his plea set aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002).

Counsel next consider whether Broches could argue that it was clear error for the district court to impose the two-level upward adjustment for obstruction of justice. *See United States v. Dale,* 498 F.3d 604, 608 (7th Cir. 2007). Making a materially false statement to a probation officer with respect to a presentence report can form the basis for an obstruction increase if the court finds that the defendant did so willfully. *See* U.S.S.G. § 3C1.1 cmt n.4(h); *United States v. Kosmel,* 272 F.3d 501, 510 (7th Cir. 2001); *see also United States v. Sapoznik,* 161 F.3d 1117, 1121 (7th Cir. 1998) (explaining that obstructive conduct includes that which impedes the court from imposing a justly deserved sentence). It follows that several courts have upheld an increase for obstruction where a defendant concealed assets in order to distort his ability to pay restitution. *See United States v.*

*Anderson,* 68 F.3d 1050, 1055-56 (8th Cir. 1995); *United States v. Nelson,* 54 F.3d 1540, 1543-44 (10th Cir. 1995); *United States v. Smaw,* 993 F.2d 902, 903-05 (D.C. Cir. 1993). And here we could not deem clearly erroneous the district court's finding that Broches' willfully failed to disclose assets when he knew from the plea agreement that he was subject to a hefty restitution order. We therefore agree with counsel that this potential argument would be frivolous.

Counsel and Broches next consider arguing that the district court erred by denying Broches a three-level downward adjustment for acceptance of responsibility, but once again we agree with counsel that the potential argument would be frivolous. A defendant who obstructs justice, even one who pleads guilty, is not entitled to a reduction for acceptance of responsibility except in limited circumstances not applicable here. *See* U.S.S.G. § 3E1.1 cmt. n.4; *United States v. Davis,* 442 F.3d 1003, 1009-10 (7th Cir. 2006).

Counsel and Broches next consider whether Broches could challenge the reasonableness of his prison sentence. Broches' sentence is within the properly calculated guidelines range and thus would be presumed reasonable on appeal, *see United States v. Rita,* 127 S. Ct. 2456, 2463 (2007); *United States v. Gama-Gonzalez,* 469 F.3d 1109, 1110 (7th Cir. 2006), and counsel are unable to articulate any reason why the presumption would be overcome. The district court gave detailed and meaningful consideration to the relevant factors in 18 U.S.C. § 3553(a), which is all it was required to do. *See United States v. Laufle,* 433 F.3d 981, 987 (7th Cir. 2006). Broches insists that his 97-month sentence creates an "unwarranted disparity" between him and a co-defendant who received a one-year sentence. *See* 18 U.S.C. § 3553(a)(6). But Broches fails to say how the difference can be unwarranted when he was a leader in the offense and engaged in obstructive conduct. *See United States v. Gammicchia,* 498 F.3d 467, 469 (7th Cir. 2007). We have said repeatedly that differences in sentences arising solely from the application of the guidelines cannot be unwarranted, *e.g., United States v. Duncan,* 479 F.3d 924, 929 (7th Cir. 2007), and so this potential argument would be frivolous.

Finally, Broches identifies two potential arguments not discussed in counsel's *Anders* brief. First he wishes to argue that the district court violated the Ex Post Facto Clause by determining his guidelines range using the guidelines manual in effect at the time of sentencing, not the manual in effect when he committed his offense. Had the parties used the latter manual, he argues, his total offense level would have been reduced by three. This argument is foreclosed by our current precedent, *see United States v. Demaree,* 459 F.3d 791, 794-95 (7th Cir. 2006) (holding that Ex Post Facto Clause is inapplicable to sentencing guidelines), and would therefore be frivolous. Broches also proposes to argue that the district court erroneously increased his offense level by four when the court determined that he was "an organizer or leader" of the offense. *See* U.S.S.G. § 3B1.1(a). Broches failed

to object to this increase, so our review would be for plain error only. *See United States v. Wilson*, 437 F.3d 616, 621 (7th Cir. 2006). He asserts without elaboration that there is "no evidence" to support the adjustment. But in his plea agreement he admitted that he devised the fraudulent scheme and recruited several accomplices. These admissions, which we take as true, *see United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001), are both indicative of a leadership role, *see United States v. Wasz*, 450 F.3d 720, 729-30 (7th Cir. 2006). Thus this argument would also be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.



RECEIVED

MAR 1 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CLERK OF THE COURT
NORTHERN DISTRICT OF ILLINOIS
20th FLOOR
219 S. DEARBORN 60604 1874
CHICAGO ILLINOIS

GEORGE BROCHES
REG. NO. 12671 424
FEDERAL PRISON CAMP
P.O. BOX 1085
OXFORD WIS 53952

Federal Correctional Institution
Date: March 6, 08
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has not been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.

08C50036

JUDGE REINHARD