UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE BROCHES, | ) | |
| Petitioner, | ) | Case No. 08 C 50036 |
| | ) | (05 CR 50037-01) |
| v. | ) | Judge Philip G. Reinhard |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J.
FITZGERALD, United States Attorney for the Northern District of Illinois, submits the
following response to petitioner's motion to vacate, set aside or correct his sentence
pursuant to 28 U.S.C. § 2255:

Petitioner argues that his counsel provided ineffective assistance because his
counsel did not argue that petitioner's criminal history category overstated the
seriousness of his criminal history and because his counsel failed to object to the
obstruction of justice enhancement. M.14-15.[1] Petitioner's claim that his counsel was
ineffective in failing to object to the obstruction of justice enhancement must be
rejected pursuant to the law of the case. Petitioner raised that claim in response to the
motion to withdraw filed by his counsel on appeal. *United States v. George Broches*,
261 Fed. Appx. 897, 900-901 (7th Cir. 2008). The Seventh Circuit dismissed the
appeal and is so doing, ruled that the district court's finding that petitioner obstructed
justice was not clearly erroneous. *Id.* Therefore, petitioner cannot raise the same issue
in his § 2255 motion since that issue has already been ruled upon on the merits by the

---

[1]All citations to petitioner's motion to vacate are denoted "M." and followed by the
applicable page numbers.

appellate court. Petitioner did not raise his claim that his counsel was ineffective for failing to argue for a downward departure on appeal. Petitioner's claim is therefore waived unless he can establish that the failure was due to the constitutionally deficient performance of his counsel, and that if the claims had been raised, the result would probably have been different. *United States v. Roehl*, 977 F.2d 375, 379 (7th Cir. 1992) (*citing Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). Because petitioner had new counsel on appeal and did not raise that claim on appeal, it is waived. Even if petitioner could raise his claims that his counsel was ineffective, the claims lack merit, and therefore, petitioner's counsel was not deficient in failing to raise them.

## I. PROCEDURAL HISTORY

On April 26, 2005, an indictment was returned charging petitioner and his co-defendant, Dimitrios Brotsis with six counts of bank fraud in violation of 18 U.S.C. § 1344(1). R.1.[2] The indictment further charged petitioner with two counts of making false statements in loan applications in violation of 18 U.S.C. § 1014. *Id.* Petitioner retained attorney Peter O. Muldoon to represent him and Mr. Muldoon filed an appearance on May 3, 2005. R.4. Petitioner pleaded guilty to the indictment on June 2, 2006. R.33, 34, 59. In his plea agreement and in his plea colloquy, petitioner admitted to the following offense conduct and relevant conduct:

Between January 4, 2000 and January 18, 2000, petitioner and his co-defendant, Dimitrios Brotsis (hereinafter "Brotsis"), devised and engaged in a scheme to defraud

---

[2]All citations to documents contained in the record are denoted "R." and followed by the applicable document number. All citations to the transcript of the plea hearing (document 59) are denoted "P.Tr." and followed by the applicable page numbers. All citations to the transcript of the sentencing hearing (document 56) are denoted "S.Tr." and followed by the applicable page numbers.

Associated Bank, DeKalb, Illinois, by knowingly depositing worthless checks drawn on bank accounts from other financial institutions into two business checking accounts at Associated Bank in order to inflate the apparent balances of those accounts and thereby deceive Associated Bank into honoring checks issued against those accounts without sufficient funds. R.34 at ¶¶ 5(a) and (b); P.Tr.10-13. It was part of the scheme to defraud that after depositing the worthless checks into the two Associated Bank accounts, defendant and Brotsis wrote checks to third parties and withdrew cash from the Associated Bank accounts, knowing that there were not sufficient funds in the accounts to cover the checks and withdrawals. R.34 at ¶ 5(b); P.Tr.13. By kiting checks in this manner, defendant and Brotsis fraudulently obtained over $97,000 from Associated Bank. *Id.*

Defendant also admitted and stipulated to the following relevant conduct as part of his plea agreement:

Defendant admitted that he made false statements in relation to loans on November 24, 1999 and February 8, 2000 as charged in Counts 7 and 10 of the indictment. R.34 at ¶ 6(a) and (b). Defendant admitted that as a result of his conduct as alleged in Count 10 of the indictment he caused a loss of $45,000 to the Attorney's Title Guaranty Fund, Inc. R.34 at ¶ 6(b). Defendant also admitted that he and others produced and trafficked in one or more unauthorized and counterfeit access devices, namely credit cards. R.34 at ¶ 6(c). Defendant admitted that as a result of his conduct he and his co-schemers caused and attempted to cause a loss to the card payment processing companies, victim banks, and individuals of approximately $129,687.84. *Id.*

3

*Sentencing*

Subsequent to petitioner's guilty plea, a Presentence Investigation Report[3] was prepared pursuant to the district court's order.  R.33.  With the exception of the adjustment for obstruction, the adjustment for acceptance of responsibility, and the total number of criminal history points, the PSR's calculations regarding petitioner's offense level were consistent with the government's calculations contained in the plea agreement.  PSR at lines 229-375; R.34 ¶¶ 6(a)-(m).  The PSR assigned a base offense level of 7 pursuant to U.S.S.G. § 2B1.1(a)(1).  PSR at lines 1235-242.  The PSR increased petitioner's offense level by 12 levels to level 19 pursuant to U.S.S.G. § 2B1.1(b)(1)(G) because the offense of conviction and relevant conduct attempted to cause a loss of more than $200,000 but less than $400,000.  PSR at lines 243-249.  The PSR also increased the base offense level by 2 levels to level 21 pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) because the offense of conviction and relevant conduct involved more than 10 but less than 50 victims.  PSR at lines 250-259.  The PSR further increased the base offense level by 2 levels to level 23 pursuant to U.S.S.G. § 2B1.1(b)(10)(A) because the relevant conduct involved the possession or use of device making equipment and the production or trafficking of unauthorized access devices.  PSR at lines 260-264.  The PSR increased petitioner's offense level by 4 levels to level 27 pursuant to Guideline § 3B1.1(a) because petitioner was an organizer or leader of criminal activity which involved five or more participants.  PSR at lines 266-284.

The PSR increased petitioner's sentence by 2 levels to level 29 pursuant to 3C1.1 because petitioner willfully obstructed or impeded the administration of justice during

---

[3]All citations to the Presentence Investigation Report are denoted "PSR" and followed by the applicable page and line number.

the course of the sentencing of the instant offense of conviction. PSR at lines 285-331. Specifically, petitioner failed to list his ownership interest in property valued at approximately $32,427 in Lee County, Illinois in his financial statement submitted to the probation officer on July 5, 2006. PSR at lines 289-309. In addition, petitioner failed to list any bank accounts or motor vehicles in his financial statement submitted on July 5, 2006 despite including automobile insurance and transportation as necessary expenses. PSR at lines 312-316. Petitioner also reported that he and his wife and children resided in a rented house at 459 Redwing Lane, DeKalb, Illinois since 2002. PSR at lines 320-322. Petitioner failed to inform the probation officer that he previously owned that residence on two occasions and had transferred the residence to John Persona two weeks before he was arrested in this case. PSR at lines 322-326. Petitioner also told the probation officer that since 2003 he had worked for three different owners of the Spring Garden Restaurant and allowed those owners to use petitioner's restaurant equipment and to list petitioner as a guarantor on the building's lease. PSR at lines 326-330. However, petitioner denied any ownership interest in the restaurant. *Id.*

Pursuant to Note 4 of U.S.S.G. § 3E1.1, because petitioner received an enhancement under U.S.S.G. § 3C1.1 for obstructing justice and did not otherwise demonstrate an extraordinary recognition or acceptance of personal responsibility for his criminal conduct, the PSR did not include an adjustment for acceptance of responsibility. PSR at lines 333-340. The PSR calculated petitioner's criminal history category at II based on two prior convictions for ordinance violations in DeKalb County, Illinois for failing to file restaurant or bar tax for which defendant received

sentences of one year of court supervision on February 18, 2000. PSR at lines 350-356; 369-371.

Prior to the sentencing hearing, petitioner's counsel did not file any objections to the PSR. Petitioner's sentencing hearing was conducted on September 22, 2006. R.44, 51. During that hearing, the petitioner responded to the court's questions and indicated that he had received and reviewed the PSR and gone over it with his attorney. S.Tr.2-3. The court advised petitioner that his attorney had not filed any objections to the Guidelines or to the facts. S.Tr.3. The court asked petitioner if he objected to facts or guideline calculations contained in the PSR and petitioner stated that he did not. *Id.* The court raised the issue of whether defendant should receive an enhancement for obstruction of justice. S.Tr.4. Petitioner's attorney argued that his client's failure to list assets in his financial disclosure to the probation officer was not intentional but rather a miscommunication between petitioner and the probation officer. *Id.* Defendant also advised the court that he did not try to mislead the probation officer. *Id.* In finding that the enhancement for obstruction of justice was appropriate and that petitioner was not entitled to a reduction for acceptance of responsibility the court stated:

> All right. I have read – just because there's no objection to it, a formal objection, I always have to look at these to see whether they are correct. I read the obstruction of justice section, which is lines 285 through 331 of the report, and I have concluded from reading that that there is an obstruction. It's material to this court to get an accurate financial statement, and although I understand the defendant's apology for it and said that he didn't really intend to do it, he did it, and I have to find that it was – he did do it with the intent to not disclose that. So, I will find that enhancement.
>
> As to the acceptance of responsibility, the defendant did plead guilty, but if he obstructs justice and he does that after the plea, especially, the court would have to find extraordinary circumstances in order to give him

acceptance, and I cannot find that in the case. So, I will not give him acceptance.

S.Tr.5. The court adopted the Guidelines calculations contained in the PSR and determined that petitioner was facing a Guidelines range of 97-121 months of imprisonment. S.Tr.5-6. After listening to the sentencing recommendations of the parties, the court determined that variance from the Guidelines range was not appropriate and sentenced defendant to 97 months imprisonment. S.Tr.7-8. The court ordered that petitioner's sentence of imprisonment be followed by a period of five years of supervised release. S.Tr.9. The court ordered petitioner to pay $271,997.62 in restitution and imposed a special assessment of $100. S.Tr.8-9. Petitioner timely filed his notice of appeal on October 5, 2006. R.48.

On appeal, petitioner's counsel filed an *Anders* brief and a motion for leave to withdraw. 261 Fed. Appx. at 897. In petitioner's response to the *Anders* brief, he asserted that the district court made several errors in sentencing petitioner including that the district court should have used the Guidelines manual in effect at the time he committed the crimes not when he was sentenced, the district court wrongly concluded that petitioner was a leader of the criminal activity, the district court should have applied a reduction for petitioner's acceptance of responsibility, and that petitioner's sentence was unreasonable. Government Exhibit A.[4] The Seventh Circuit dismissed defendant's appeal and granted his counsel's motion for leave to withdraw. 261 Fed. Appx. at 901 (finding that petitioner's counsel correctly determined that there were no nonfrivolous grounds of appeal). In dismissing petitioner's appeal, the Seventh Circuit found that the district court's imposition of a two level enhancement for obstruction of

---

[4]Petitioner's response to the *Anders* brief is attached as Exhibit A.

7

justice was not clearly erroneous. *Id.* at 900. Petitioner filed a § 2255 petition on March 11, 2008. This court ordered the government to respond by June 20, 2008. Petitioner was ordered to file any reply brief by July 20, 2008.

## II. DISCUSSION

A. Petitioner's Claim that His Counsel was Ineffective for Failing to Object to the Obstruction of Justice Enhancement is Barred by the Law of the Case

Petitioner argues that his counsel was ineffective in failing to object to the obstruction of justice enhancement. M.14-15. In support of that argument, petitioner asserts that the information he failed to provide to the probation officer was discovered by the probation officer and therefore, the omitted information was not material. M.15. Petitioner's claim that his counsel was ineffective in failing to object to the obstruction of justice enhancement is the same claim that he raised on appeal, albeit in a slightly different form. On appeal, petitioner argued that the district court erred when it imposed an enhancement for obstruction of justice. 261 Fed. Appx. 900. The Seventh Circuit noted that making a materially false statement to a probation officer with respect to a presentence report can form the basis for an enhancement for obstruction of justice if the court finds that the defendant made the statement willfully. *Id.* The Court stated that it "could not deem clearly erroneous the district court's finding that Broches willfully failed to disclose assets when he knew from the plea agreement that he was subject to a hefty restitution order." *Id.* The Court agreed with petitioner's counsel on appeal that any argument that the district court erred in applying the obstruction enhancement would have been frivolous. *Id.*

The Seventh Circuit specifically addressed and rejected the same argument in petitioner's direct appeal that petitioner now alleges his trial counsel was ineffective

in failing to raise. Therefore, petitioner is barred from raising the same argument in his § 2255 motion pursuant to the law of the case. *Daniels v. United States*, 26 F.3d 706, 711-12 (7th Cir. 1994). The law of the case doctrine states that once the appellate court has decided the merits of ground of appeal, that decision establishes the "law of the case" and is binding on a court asked to decide the same issue in a later phase of the case, unless there is a good reason for reexamining it, such as an intervening change in the law. *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005). Here, there has been no intervening change in the law which would allow the Seventh Circuit's decision on petitioner's direct appeal to be reexamined.

      B.    <u>Petitioner's Claim that His Counsel Was Ineffective in Failing to Move for a Downward Departure Was Waived</u>

Petitioner also complains that his counsel at his sentencing hearing was ineffective for failing to move for a downward departure pursuant to Guideline § 4A1.3(b) because his criminal history category of II overstated the seriousness of his criminal history. M.14. "A defendant has a constitutional right to effective assistance of counsel at sentencing." *United States v. Jones*, 234 F.3d 1251, 1259 (11th Cir. 2000). In order for the petitioner to obtain relief under § 2255, he must show that the district court sentenced him "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Therefore, relief is appropriate only for " 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)(quoting *Borre v. United States*, 940 F.2d 215, 217(7th Cir.

1991)).  In order for an evidentiary hearing to be warranted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported allegations. *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002).

Moreover, a motion under § 2255 cannot be used as a substitute for a direct appeal and a petitioner is barred from raising a constitutional issue on collateral review which could have been raised earlier absent petitioner's showing of good cause and actual prejudice.  *United States v. Frady*, 456 U.S. 152, 165, 170 (1982); *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).  Further, non-constitutional errors that could have been raised on appeal are barred in a § 2255 proceeding, regardless of cause and prejudice.  *Bontkowski*, id. at 313; *Arengo-Alvarez v. United States*, 134 F.3d 888, 891 (7th Cir. 1998).  Errors in the implementation of the Sentencing Guidelines are generally not cognizable in a collateral attack.  *Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1990).  Here petitioner has alleged that his counsel was ineffective in failing to argue for a downward departure from the Guideline range.  Usually, claims of ineffective assistance of counsel should be raised in collateral attacks and not on direct appeal of the defendant's conviction.  However,

> [w]here a defendant offers no extrinsic evidence to support his claim of ineffective assistance of counsel and he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so.

*United States v. McCleese*, 75 F.3d at 1174, 1178 (7th Cir. 1996) (citations omitted).

Petitioner was represented by different counsel on appeal.  Petitioner did not raise the issue of whether he should have received a downward departure based on his criminal history category overstating the seriousness of his criminal history on direct

appeal. and there is no need to develop extrinsic evidence to address the errors of which the defendant now complains since it was all of record for this Court and the appellate court. Therefore, petitioner defendant has waived this issue. Petitioner can not avoid procedural default by merely claiming that his attorneys at his sentencing and on appeal were ineffective for failing to argue for a downward departure pursuant to § 4A1.3(b). Petitioner has offered no extrinsic evidence in support of this claim that his trial counsel was ineffective in failing to argue for a downward departure based on § 4A1.3(b). Petitioner merely argues facts that were of record and considered by this Court at the time of petitioner's sentencing and available for review on appeal.

C.    Petitioner's Counsel Was Not Ineffective

Even if petitioner was not barred from raising the claims that his counsel was ineffective, the record demonstrates that petitioner's counsel's overall performance was more than the constitutionally required effective assistance. Further, because petitioner's claims lack merit, petitioner cannot show that he was prejudiced by his counsel's failure to raise them. Therefore, petitioner cannot make the requisite showing of ineffective assistance of counsel.

"A petitioner claiming ineffective assistance of counsel bears a heavy burden." *United States v. Donaldson*, 978 F.2d 381, 394 (7th Cir. 1992). The petitioner must show (1) that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In applying the *Strickland* standard, a court must be "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Scanga*, 225 F.3d 780, 783 (7th Cir. 2000) (*citing United*

*States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000)).  There is a strong presumption that counsel's decisions constitute reasonable litigation strategy.  *Id.* at 783.  The Sixth Amendment guarantees criminal defendants a fair trial and the assistance of competent counsel, but does not guarantee that every imaginable claim will be raised. See *Engle v. Isaac*, 456 U.S. 107, 134 (1982).  The court defers to counsel's strategic choices regarding which claims or arguments to present. *United States v. Davenport*, 986 F.2d 1047, 1049-50 (7th Cir. 1993).  Moreover, "in deciding the merits of a Sixth Amendment claim, [the Court] consider[s] the sufficiency of counsel's overall performance," *Mason v. Godinez*, 47 F.3d 852, 857 (7th Cir. 1995), not each particular decision in isolation.

Petitioner asserts that his counsel was deficient for failing to argue for a downward departure pursuant to § 4A1.3(b) and for failing to object to the obstruction of justice enhancement.  The United States has attached to this memorandum the affidavit of Peter O. Muldoon as Exhibit B[5] in which Attorney Muldoon stated that he discussed petitioner's prior criminal history with him. Ex.B.1-2. Specifically, Attorney Muldoon indicated that petitioner was reluctant to discuss his background and that petitioner was "surprised that no other criminal history was revealed." *Id.*  Based on Attorney Muldoon's discussions with petitioner and in researching the issue, Attorney Muldoon concluded that the violations were relevant for purposes of calculating petitioner's criminal history category.  *Id.* at 2.

---

[5]All citations to Exhibit B are denoted  "Ex.B" and followed by the applicable page numbers.

Petitioner's counsel also was not ineffective in failing to object to the enhancement for obstruction of justice. Attorney Muldoon stated in his affidavit that petitioner was deceitful in his responses to the probation officer. Ex.B.2. Attorney Muldoon further stated that he and petitioner reviewed the forms for the financial information with the probation officer at her officer and that the probation officer gave detailed explanations as to every requirement for entry on the forms. *Id.* The probation officer emphasized the need for full candor and disclosure on petitioner's part. *Id.* Attorney Muldoon properly concluded that petitioner's failure to disclose his ownership of real estate was "material" to the determination of petitioner's financial worth. *Id.* Further based on conversations with petitioner, Attorney Muldoon formed the opinion that petitioner intentionally misled the probation officer regarding his ownership of property based in part on petitioner's comments after reviewing the PSR with Attorney Muldoon. *See* Ex.B.2 (petitioner stated "I didn't know they could find that ... are they going to take that too?").

The second component of the *Strickland* test requires the petitioner to establish that he was prejudiced by his counsel's deficient performance. *Strickland*, 466 U.S. at 689. This requires petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Attorney Muldoon properly concluded that any challenge to petitioner's criminal history category would be frivolous. *See United States v. Abbott*, 30 F.3d 71, 73 (7th Cir. 1994) (downward departure under U.S.S.G. § 4A1.3 is appropriate when a district court determines that a defendant's criminal

history category *significantly* over-represents the seriousness of his past conduct). Petitioner has offered nothing in support of his conclusion that his counsel was deficient in failing to argue that petitioner's criminal history category significantly overstated the seriousness of his past conduct other than arguing under the current Sentencing Guidelines petitioner's convictions for ordinance violations would not have been counted. This argument does not demonstrate that his counsel was ineffective. The Guidelines in effect at the time of petitioner's sentencing required that petitioner's ordinance violation convictions be included in the calculation of petitioner's criminal history category. The court considered defendant's prior record and the § 3553(a) factors and imposed a reasonable sentence at the low end of the Guidelines range.

Petitioner also cannot show that if his attorney had objected to the obstruction of justice enhancement that the outcome would have been different. Petitioner makes conclusory statements that his statements regarding his assets were not material and were not made with the specific intent to obstruct justice. M.14. However, the district court's determination that petitioner's statements were material and willfully made, is supported by the evidence in the record and by Attorney Muldoon's affidavit. Further, the Seventh Circuit found that the district court's ruling that petitioner obstructed justice was not clearly erroneous. 261 Fed. Appx. at 901. Therefore, petitioner has not established that district court's finding that petitioner obstructed justice was due to his counsel's alleged deficient performance.

D.   Petitioner is not Entitled to an Evidentiary Hearing

A district court "should dismiss the petition without a hearing where it 'plainly appears from the facts of the motion and any annexed exhibits and the prior

proceedings in the case [that] the movant is not entitled to relief.'" *Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000). *See also Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995) (an evidentiary hearing need not be granted if the petitioner makes only conclusory or speculative allegations rather than specific factual allegations, or if the record conclusively demonstrates that a petitioner is entitled to no relief); *Aleman v. United States*, 878 F.2d 1009, 1012-14 (7th Cir. 1989) (same); *Barry v. United States*, 528 F.2d 1094, 1101-02 (7th Cir. 1976) (hearing not required where Section 2255 petition not accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions). There are no factual issues or disputes in this case which would require a hearing. *See Stokes v. United States*, 652 F.2d 1, 1 (7th Cir. 1981) (adversary hearing must be held when factual dispute found to exist). Petitioner has failed to include a detailed and specific affidavit showing actual proof of his allegations with his petition. Therefore, an evidentiary hearing is not required.

## III. CONCLUSION

For the reasons stated above, the United States respectfully requests that this court deny petitioner Broches' motion in its entirety without an evidentiary hearing pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

BY:  /s Joseph C. Pedersen
     JOSEPH C. PEDERSEN
     Assistant United States Attorney
     308 West State Street - Rm. 300
     Rockford, Illinois   61101
     (815) 987-4444

## CERTIFICATE OF FILING AND SERVICE

I, JOSEPH C. PEDERSEN, certify that on June 19, 2008, in accordance with

FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case

Filing (ECF), the following documents:

### UNITED STATES' RESPONSE IN OPPOSITION TO
### PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

were served pursuant to the district court's ECF system as to ECF filers, and was sent

via United States Mail on June 19, 2008, to the following non-ECF filer:

> George Broches
> Reg. No. 1267-1424
> Federal Prison Camp
> P.O. Box 1085
> Oxford, WI 53952

> /s Joseph C. Pedersen
> JOSEPH C. PEDERSEN
> Assistant United States Attorney
> 308 West State Street - Room 300
> Rockford, Illinois 61101
> 815-987-4444

UNITED STATES COURT OF APPEALS  AUG 2 8 2007
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
     Plaintiff-Appellee,

NO. 06-3683
Appeal from the United States
District Court of Illinois,
Western Division

v

NO. 05 CR 50037

Philip G. Reinhard, Judge

George Broches,
     Defendant-Appellant.

## NOTICE OF FILING

TO:  United States Attorney, Northern District of Illinois, Room 5000,
United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604

     PLEASE TAKE NOTICE, that on August 22, 2007, I mailed to the Clerk
of the Appellate Court for the Seventh Circuit, the attached: Defendant-
Appellant's Response to Counsel's Anders Brief, a copy which is served
upon you.

George Broches, Pro Se
Reg. No. 12671-424
Federal Prison Camp
P.O. Box 1085
Oxford, WI  53952

## CERTIFICATE OF SERVICE

     I, George Broches declare, under penalty of perjury, pursuant to
28 U.S.C. §1746, that I mailed the Attached Defendant-Appellant's
Response to the address shown above, by depositing it in the United
States Special Mailbox for legal mail at the FPC Oxford, WI, first class
postage prepaid, on August 22, 2007, prior to 11:00 P.M.

George Broches



GOVERNMENT
EXHIBIT
A

UNITED STATES COURT OF APPEALS

For the Seventh Circuit

No. 06-3683

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　Plaintiff-Appellee,<br><br>　　　　　　　　　　　v.<br><br>GEORGE BROCHES,<br>　　　　Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Western, Division<br>]<br>] No. 05 CR 50037<br>]<br>] Philip G. Reinhard,<br>]　　Judge. |

DEFENDANT-APPELLANT'S RESPONSE
TO
COUNSEL'S ANDERS BRIEF

The defendant-appellant, George Broches, respectfully submits this Response to the Anders Brief filed by Attorney Johanna Christian. For the reasons discussed below, the defendant's sentence must be vacated and this case should be remanded for resentencing.

**A. The District Court Should Have Referred to the 1998, Not the 2005, Guideline Manual.**

When it sentenced the defendant, the District Court used the November 2005 Guideline Manual. This was error.

The Defendant's offense of conviction was complete as of January 18, 2000. Presentence Investigation Report at 27 ("PSR"). Since the 1998 Guideline Manual was in effect as of January 2000, the defendant should have been sentenced with reference to that Manual. Contrary to what the PSR concluded, and the District Court apparently believed, United States v. Demaree, 459 F.3d 791 (7th Cir. 2006), does not mandate that the guidelines in effect at the sentencing date be used. Demaree simply holds that such use does not violate the Ex Post Facto clause of the Constitution.

- 1 -

Here, the defendant's total offense level under the 2005 Manual is 29. PSR at 27. Under the 1998 Manual, the defendant's offense level is 24. Id. If the District Court had used the 1998 Manual, (as it should have) the guideline range would have been 57-91 as opposed to the 97-121 range under the 2005 Manual. Obviously, the choice of which Manual to use makes a significant difference. In fact, the defendant's 97 month sentence is well outside the 1998 range.

Although the guidelines are advisory, a district court is still obligated to get the correct advice. See United States v. Ngatia, 477 F.3d 496 (7th Cir. 2007)(district court must first calculate the correct advisory range); United States v. Jung, 473 F.3d 837 (7th Cir. 2007)(district courts are required to calculate the proper guuideline range); United States v. Zolp, 479 F.3d 715 (9th Cir. 2007)(inaccurate guideline range means district court has not properly consulted the guidelines). In this case, the District Court did not properly calculate the guideline range. Therefore, the sentence must be vacated.

## B. The District Court Wrongly Concluded that the Defendant was a Leader.

The District Court increased the defendant's offense level by 4 levels because the defendant was a supposedly leader or organizer. The District Court clearly erred in applying the U.S.S.G. §3B1.1(a) increase.

There is no evidence to support the leadership adjustment to the defendant's offense level. Consequently, such adjustment cannot stand. See United States v. Chambers, 473 F.3d 724 (7th Cir. 2007)(decisions of consequence cannot be based on conjecture).

C. **The Defendant Should Have Received Credit for Acceptance of Responsibility.**

The District Court denied the defendant any credit for acceptance of responsibility. The sole basis for such denial was the fact that the defendant had been given an enhancement under the U.S.S.G. §3C1.1. The District Court apparently believed that a 3C1.1. enhancement automatically ruled out a §3E1.1 adjustment. That is not the law.

Comment 4 to §3E1.1 expressly states that there may be extraordinary cases in which both adjustments may apply. This is one of those cases. The defendant's "obstruction" had nothing to do with the defendant's truthful and timely admission of his wrongful conduct. The defendant at a sufficiently early point in the proceeding entered a plea agreement with the government. Thereafter, the defendant did not do anything that was inconsistent with his acceptance of responsibility for the conduct comprising the offense of conviction. Consequently, the defendant's offense level should have been decreased by 2 levels.

D. **The Enormous Disparity Between the Defendant's Sentence and that of his Brother's Makes the Defendant's Sentence Unreasonable.**

The defendant and his brother, Dimitrios Brotsis, engaged in the same conduct, pled guilty to the same offense, and were sentenced by the same judge. The only difference between the defendant and his brother is that the defendant was sentenced about 45 minutes after his brother. The defendant's brother was sentenced to a year and a day of imprisonment. The defendent was sentenced to 97 months.

- 3 -

The District Court made no attempt to justify the enormous disparity between the two sentences.  In point of fact, the two sentences are a prime example of an unwarranted sentencing disparity.  The defendant's sentence cannot stand.  Perhaps the disparity will be eliminated once the District Court utilizes the proper Manual and makes the appropriate adjustments. For now, the sentence must be condemned.

## CONCLUSION

For the foregoing reasons, the defendant's sentence must be vacated. This case must be returned to the District Court for resentencing.

Respectfully submitted,

George Broches,
Pro Se

George Broches
12671-424
Federal Prison Camp
P.O. Box 1085
Oxford, WI 53952

- 4 -

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 05 CR 500 37-01** |
| | ) | |
| **GEORGE BROCHES** | ) | **Judge:  Philip G. Reinhard** |
| | ) | |
| **Defendant.** | ) | |

## AFFIDAVIT

I, Peter O. Muldoon, your affiant, under oath and with full knowledge of the penalties for perjury, do hereby state as follows:

1.    That I represented Defendant George Broches in Case No. 05 CR 500 37-01, until I withdrew prior to the hearing of Mr. Broches' appeal.

2.    That throughout the course of representation, I found Mr. Broches to be deceitful and not wanting to follow counsel's advice.

3.    That during numerous meetings with my client throughout the course of representation, I went through extensive efforts to clearly communicate with him options, courses of action, the law, and discovery.

4.    That I have read Mr. Broches' motion filed regarding claims of "Ineffective Assistance of Counsel," and respond as follows:

5.    That regarding Criminal History Category II.  During several meetings with me, regarding the probation presentencing report, Mr. Broches was reluctant to discuss his background.  Frankly, he was surprised no other criminal history was

1

GOVERNMENT
EXHIBIT
B

revealed. He was not specific or forthcoming with specific cases, but his demeanor and statements led me to believe there was more that was not revealed and that I should not open any doors that were currently closed. I disagree with the allegations in his motion. When researching the issue, and in conference with Mr. Broches, I reached the opposite conclusion. These violations were relevant for purposes of the guidelines. To argue otherwise would be frivolous. Mr. Broches, in light of the above after conferencing the issue with me, and reviewing my conclusions, agreed not to make it an issue.

That in regard to the obstruction of justice allegations, I again disagree with his conclusions on his motion. As stated previously, in hindsight, I believed Mr. Broches to be deceitful. We reviewed the forms for financial information with Probation Officer Caccitore in her office. She gave detailed explanations as to every requirement for each entry on the forms and for each form. She emphasized the need for full candor and disclosure on Mr. Broches' part. I disagree with the characterization in the motion of the omitted information not being "material." Any reasonable person would consider ownership of real estate to be material information regarding financial worth. In hindsight, I do believe Mr. Broches "intentionally" misled Probation as to ownership interests. Upon reading and reviewing the report with me in my office on one occasion, I do recall Mr. Broches stating something to this effect: "I didn't know they could find that…are they going to take that too?"

7.    That regarding the burden of proof, I strongly disagree with the conclusions in the motion. The Court on its own, sua sponte found the obstruction funding to be a willful act on Mr. Broches' part. To argue otherwise would have been frivolous.

8.    That George Broches was aware of his rights to voice any objections to the sentencing report. He was informed every step of the way by me of his rights, application of law and especially, the effect of U.S. v. Demarre. Mr. Broches was admonished and inquired of by the Court on the same rights. Prior to hearing, Mr. Broches instructed me not to raise frivolous issues. His instruction came after he was informed of his rights to object and the application of current sentencing guideline law. I believe Mr. Broches did not want to antagonize the Court with frivolous argument nor did he want to open the door to further scrutiny.

Nothing Further,

_____
PETER O. MULDOON
AFFIANT

Subscribed and sworn to before me

this _18th_ day of _June_, 2008

_____
MARY C. FRALEY

MARY C. FRALEY
MY COMMISSION EXPIRES
JULY 21, 2009
NOTARY PUBLIC
OFFICIAL SEAL
STATE OF ILLINOIS