UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GEORGE BROCHES, ) | |
| Petitioner, ) | Case No. 08 C 50036 |
| ) | (05 CR 50037-01) |
| v. ) | Judge Philip G. Reinhard |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. | |

FILED
AUG 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PETITIONER'S REPLY TO
UNITED STATES' RESPONSE IN OPPOSITION TO
PETITIONER'S MOTION PURSUANT TO 28 U.S.C. §2255

Petitioner, George Broches, Pro Se, submits the following reply to respondent's response in opposition to petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255.

Respondent relies heavily in its response upon the affidavit of Broches' former counsel, Peter O. Muldoon, to argue against petitioner's §2255 motion. Mr. Muldoon's affidavit contains many inaccurate statements which the respondent takes as absolute truth. Broches attaches hereto, Exhibit A (Affidavit of George Broches), setting forth the inaccuracies in the Muldoon affidavit and demonstrating a clear factual dispute which at the least allows the petitioner an evidentiary hearing in the matter.

II. DISCUSSION

The government correctly notes that the Seventh Circuit, in granting, Broches' appellate counsel to withdraw, stated that making a materially false statement to a probation officer with respect to a presentence report can form the basis for an enhancement for obstruction. However, in this case the Broches' statements were not materially false, as Broches' misstatements and/or ommissions were not material and/or not made with the intent to obstruct justice. Broches' counsel should have challenged this aspect of Broches' sentencing.

The government also states that this Court is barred from re-examining any of Broches' claims of ineffective assistance of counsel as the doctrine of case law states that once the appellate court has decided the merits of ground of

appeal, that decision establishes the "law of the case" and is binding on a court asked to decide the same issue in a later phase of the case. However, the above statement is true, <u>unless</u> there is a good reason for re-examining it. <u>Fuller v. U.S.</u>, 398 F.3d 644 (7th Cir. 2005). The government is incorrect in stating that just because there has been no intervening changes in the law, Broches' case cannot now be re-examined. An intervening change in the law is only one such example of a good reason for re-examination. In Broches' case there are good, very good reasons for this Court to re-examine the matter. First, the trial court record was thin as far as documenting counsel's ineffectiveness. Broches was repeatedly instructed by Muldoon to "keep quite," "just agree to everything," "everything will be ok," "just go along," "don't raise any issues," and the like. Therefore the record would naturally be thin. Second, directly as a result of counsel's action, instructions to Broches, failure to object and raise defenses, Broches sufferd a tremendous disparity in sentence as compared to the other co-defendants in the case. The direct result of Muldoon's ineffectiveness subjected Broches to a Sentencing Guideline level of 97-121 months versus, potentially a range of 51-63 months, an increase of almost twice as much. This Honorable Court, at Broches' sentencing, even commented that Broches "got too much time." The disparity in the guideline range utilized by this Court was a result of Muldoon's inaction and omissions. Had Muldoon argued for a downward departure regarding Broches' criminal history category II determination, a different sentence might have been imposed. There were 2 local ordinance violations that were the basis of the category II determination. Counsel failed to point this out, also that the business that was in violation was Arcade Dreams Bar and Grill, Incorporated, in which Broches was an officer. This local ordinance violation certainly did not rise to a level wherein Broches could be considered a habitual criminal or a person with a

serious criminal past. Therefore, relief is appropriate here because this "...constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. U.S., 366 F.3d 593 (7th Cir. 2004)(quoting Borre v. U.S., 940 F.2d 215 (7th Cir. 1991). The fact that the record is so thin, as a result of Muldoon's action and the reasonable belief that why would Broches just agree to everything that was presented to him during the course of his case and subject himself to twice as much prison time unless he was counseled by Muldoon to "just go along." Broches believes that his claim of ineffective assistance of counsel satisfies the Strickland standard. (1)That his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment," and (2)that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984). It should be highly indicative that Muldoon was so deficient that there appears no where in the record any objections or defenses to any of the issues that caused an increase in Broches' sentencing level and in addition, Muldoon's self-serving, inaccurate statements in his affidavit which he now makes to "cover' himself from a potential malpractice and disciplinary action.

In light of all the issues and facts presented, Broches hopes this Honorable Court can see that Broches acceptance of his plea agreement was truly not voluntary; that he only complied with what his attorney instructed him to do; and that by going along with his attorney's advice and not objecting to the court, he was severely prejudiced and was subjected to a sentence twice as long as he could have received had Muldoon properly advised him and done his job.

For the reasons set forth above, as well as Broches' §2255 motion, and Broches' Affidavit, the Petitioner respectfully requests that this Court grant his motion and relief sought therein or at least provide an evidentiary hearing.

Respectfully submitted,

*George Broches*
George Broches, Pro Se
Reg. No. 12671-424
Federal Prison Camp
P.O. Box 1085
Oxford, WI 53952

### CERTIFICATE OF SERVICE

I, George Broches, pursuant to 28 U.S.C. §1746, certify, under the penalty of perjury, that I mailed a true and correct copy of Petitioner's Reply to United States' Response in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. §2255 to the U.S. Attorney's office, Joseph C. Pederson, AUSA, 308 West State St., Room 300, Rockford, IL 61101, by depositing same in the United States mailbox for Special Legal Mail at FPC Oxford, Wisconsin with sufficient first class postage affixed this    day of 08-07, 2008.

*George Broches*
George Broches
Petitioner




UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GEORGE BROCHES,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | Case No. 08 C 50036<br>(05 CR 50037-01)<br>Judge Philip G. Reinhard |

FILED
AUG 11 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### AFFIDAVIT OF GEORGE BROCHES

GEORGE BROCHES, first being duly sworn and upon his oath states as follows:

1. That throughout the course of representation, I was not deceitful to my attorney, Mr. Muldoon.

2. That I followed Mr. Muldoon's advice throughout his representation, however I disagreed with his advice when it came near the end of my case and acceptance of my plea agreement, wherein I was constantly assured by Mr. Muldoon that everything would be alright when I told him specifically I didn't agree with the terms of the plea agreement regarding sentencing, but he pressured me to sign the plea.

3. That I was not reluctant to discuss my background; was not surprised about my past criminal history which I know only included traffic violations and local ordinance violatons; and I was forthcoming and did not mislead Mr. Muldoon. In fact, I asked Mr. Muldoon to raise 2 specific issues to challenge my enhancement for role as a leader and organizer and to object to the PSR, especially the Criminal History Category II determination. My Brother and his wife, who were charged the same as me, were represented by attorneys John Nelson and Paul Flynn who strongly objected to their PSR's; presented a witness on their behalf; and argued extensively on their behalf. Mr. Muldoon told me just to go along and that he did not want to strenuously object so as not to antagonize the court. Also, I strenuously disagreed with Mr. Muldoon in that I wanted him to challenge the Criminal History Category II determination and asked him repeatedly to do so. It was clear to me by

EXHIBIT A

comparing my representation by Mr. Muldoon to the other attorneys in the case, he was very ineffective to my detriment.

While filling out the forms for the Probation Officer, I did so with full candor and disclosure as I understood it from the Probation Officer's and Mr. Muldoon's instructions to me; the only reason I did not think of listing the Lee County real estate was because it was virtually worthless; my interest in the property was about one half interest and my wife and I lost our home in a foreclosure and we therefore had to sign a lease; and in hindsight I did not believe it was "material" to my overall financial worth.  I did not "intentionally" mislead Probation as to the ownership interests.  I never stated to Mr. Muldoon that "I didn't know they could find that...are they going to take that too?"  And further, my statements and forms for probation were not given with the intent to obstruct justice.

4. That Mr. Muldoon instructed me, at sentencing, to just go along, sign the plea 5 minutes prior to commencement of the sentencing hearing and don't make any arguments, he also informed me that my brother and sister-in-law were just previously sentence, my brother receiving 1 year and 1 day and sister-in-law receiving 6 monts home confinement and that if I just sign and go along with his assurance everything would be ok; I did not ask Mr. Muldoon not to raise frivolous issues at sentencing; to the contrary I strongly urged him to object to the PSR, especially the Criminal History Category (see PSR lines 857 through 876 wherein even the PSR investigator states my plea agreement negotiated by Mr. Muldoon did not contemplate the prior 2 local ordinance violations I had) and the enhancements and it is also not true that as Mr. Muldoon states as his opinion that "(I) did not want to antagonize the Court with frivolous arguments nor did (I) want to open the door to further scruting, as in my mind there were not other issues to open up.

5. That Mr. Muldoon did nothing, except to strongly encourage me to sign the plea agreement at the last minute without fully understanding what it contained; Mr. Muldoon told me to just sign it and everything will be ok; I do not write or read the english language <u>very well</u> and I believe Mr. Muldoon exploited that fact; and Mr. Muldoon instructed me not to object at sentencing and to be quiet and just agree with the Court. I did not enter that plea agreement voluntarily.

6. That subsequent to Mr. Muldoon's representation of me I conducted an investigation through the internet and by searching past court filings and I found that he had no federal court experience to speak of except representation in one bankruptcy case. Mr. Muldoon held himself out to me to be an experienced federal trial attorney which he was clearly not. (See Exhibit 1, attached hereto.) HIs misrepresentation and ineffective assistance of counsel caused me to lose acceptance of responsibility; he failed to call character witnesses on my behalf; failed to interview any witnesses; did nothing except to persuade me to plead quilty from day one telling me I would receive a better sentence; and his failure to properly object to the PSR and raise various arguments and explanations at sentencing directly led to an improper Criminal History Category and sentence enhancements which directly resulted in an increase in my sentence range. (See Exhibit 2, wherein, I set forth various ineffective counsel arguments in the Appellate proceeding attached hereto.)

7. That on or about October 2007, I filed with the Attorney Registration and Disciplenary Commission of the Supreme Court of Illinois, a complaint against Mr. Muldoon (see Exhibit 3, attached hereto) outlining his ineffectiveness. I believe that the filing of the complaint is the reason why Mr. Muldoon makes many untrue statements in his affidavit in this instant case to cover himself.

Nothing Further,

George Broches
Affiant

Subscribed and sworn to before me, a Notary Public, the 23 day of July, 2008.

My Commission Expires:

11/29/09

Notary Public

- 4 -

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of George Broches

Case Number: 05 CR 60003 7

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

George Broches

**(A)**
SIGNATURE: Peter O. Muldoon
NAME: Peter O. Muldoon
FIRM:
STREET ADDRESS: 340 Houston St. #C
CITY/STATE/ZIP: Batavia, IL 60510
TELEPHONE NUMBER: 630 761 9348
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 06200171
MEMBER OF TRIAL BAR?  YES ☐  NO ☒
TRIAL ATTORNEY?  YES ☐  NO ☒

**(B)**
SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR?  YES ☐  NO ☐
TRIAL ATTORNEY?  YES ☐  NO ☐
DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐

**(C)**
SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR?  YES ☐  NO ☐
TRIAL ATTORNEY?  YES ☐  NO ☐
DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐

**(D)**
SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE):
MEMBER OF TRIAL BAR?  YES ☐  NO ☐
TRIAL ATTORNEY?  YES ☐  NO ☐
DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

EXHIBIT 1

UNITED STATES COURT OF APPEALS

For the Seventh Circuit

No. 06-3683

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff-Appellee,<br><br>v.<br><br>GEORGE BROCHES,<br>    Defendant-Appellant. | ] Appeal from the United<br>] States District Court for<br>] the Northern District of<br>] Illinois, Western, Division<br>]<br>] No. 05 CR 50037<br>]<br>] Philip G. Reinhard,<br>]    Judge. |

DEFENDANT-APPELLANT'S RESPONSE
TO
COUNSEL'S ANDERS BRIEF

    The defendant-appellant, George Broches, respectfully submits this Response to the Anders Brief filed by Attorney Johanna Christian. For the reasons discussed below, the defendant's sentence must be vacated and this case should be remanded for resentencing.

    A.   The District Court Should Have Referred to the 1998, Not the 2005, Guideline Manual.

    When it sentenced the defendant, the District Court used the November 2005 Guideline Manual. This was error.

    The Defendant's offense of conviction was complete as of January 18, 2000. Presentence Investigation Report at 27 ("PSR"). Since the 1998 Guideline Manual was in effect as of January 2000, the defendant should have been sentenced with reference to that Manual. Contrary to what the PSR concluded, and the District Court apparently believed, United States v. Demaree, 459 F.3d 791 (7th Cir. 2006), does not mandate that the guidelines in effect at the sentencing date be used. Demaree simply holds that such use does not violate the Ex Post Facto clause of the Constitution.

- 1 -

EXHIBIT 2

Here, the defendant's total offense level under the 2005 Manual is 29. PSR at 27. Under the 1998 Manual, the defendant's offense level is 24. Id. If the District Court had used the 1998 Manual, (as it should have) the guideline range would have been 57-91 as opposed to the 97-121 range under the 2005 Manual. Obviously, the choice of which Manual to use makes a significant difference. In fact, the defendant's 97 month sentence is well outside the 1998 range.

Although the guidelines are advisory, a district court is still obligated to get the correct advice. See United States v. Ngatia, 477 F.3d 496 (7th Cir. 2007)(district court must first calculate the correct advisory range); United States v. Jung, 473 F.3d 837 (7th Cir. 2007)(district courts are required to calculate the proper guuideline range); United States v. Zolp, 479 F.3d 715 (9th Cir. 2007)(inaccurate guideline range means district court has not properly consulted the guidelines). In this case, the District Court did not properly calculate the guideline range. Therefore, the sentence must be vacated.

**B. The District Court Wrongly Concluded that the Defendant was a Leader.**

The District Court increased the defendant's offense level by 4 levels because the defendant was a supposedly leader or organizer. The District Court clearly erred in applying the U.S.S.G. §3B1.1(a) increase.

There is no evidence to support the leadership adjustment to the defendant's offense level. Consequently, such adjustment cannot stand. See United States v. Chambers, 473 F.3d 724 (7th Cir. 2007)(decisions of consequence cannot be based on conjecture).

### C. The Defendant Should Have Received Credit for Acceptance of Responsibility.

The District Court denied the defendant any credit for acceptance of responsibility. The sole basis for such denial was the fact that the defendant had been given an enhancement under the U.S.S.G. §3C1.1. The District Court apparently believed that a 3C1.1. enhancement automatically ruled out a §3E1.1 adjustment. That is not the law.

Comment 4 to §3E1.1 expressly states that there may be extraordinary cases in which both adjustments may apply. This is one of those cases. The defendant's "obstruction" had nothing to do with the defendant's truthful and timely admission of his wrongful conduct. The defendant at a sufficiently early point in the proceeding entered a plea agreement with the government. Thereafter, the defendant did not do anything that was inconsistent with his acceptance of responsibility for the conduct comprising the offense of conviction. Consequently, the defendant's offense level should have been decreased by 2 levels.

### D. The Enormous Disparity Between the Defendant's Sentence and that of his Brother's Makes the Defendant's Sentence Unreasonable.

The defendant and his brother, Dimitrios Brotsis, engaged in the same conduct, pled guilty to the same offense, and were sentenced by the same judge. The only difference between the defendant and his brother is that the defendant was sentenced about 45 minutes after his brother. The defendant's brother was sentenced to a year and a day of imprisonment. The defendent was sentenced to 97 months.

The District Court made no attempt to justify the enormous disparity between the two sentences. In point of fact, the two sentences are a prime example of an unwarranted sentencing disparity. The defendant's sentence cannot stand. Perhaps the disparity will be eliminated once the District Court utilizes the proper Manual and makes the appropriate adjustments. For now, the sentence must be condemned.

## CONCLUSION

For the foregoing reasons, the defendant's sentence must be vacated. This case must be returned to the District Court for resentencing.

Respectfully submitted,

George Broches,
Pro Se

George Broches
12671-424
Federal Prison Camp
P.O. Box 1085
Oxford, WI 53952

- 4 -



**ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION**
of the
**SUPREME COURT OF ILLINOIS**

One Prudential Plaza, 130 East Randolph Drive, Suite 1500, Chicago, Illinois 60601-6219
Phone: 312/565-2600 or 800/826-8625   Fax: 312/565-2320

One North Old Capital Plaza, Suite 333, Springfield, Illinois 62701
Phone: 217/522-6838 or 800/252-8048   Fax: 217/522-2417
Website: www.iardc.org

## REQUEST FOR AN INVESTIGATION OF A LAWYER

*PLEASE PRINT OR TYPE:*

  Mr. ☒
  Ms. ☐
1. Mrs. ☐  George Broches, Reg. No. 12671-424
   *Your name*

   P.O. Box 1085 _____  Apt. #
   *Street Address*

   Oxford Prison Camp    Wisconsin    53952
   *City*                *State*      *Zip*

   (   )                 (   )                 (   )
   *Home phone number*   *Business phone number*   *Cell phone number*

2. Peter O. Muldoon
   *Name of lawyer you are complaining about*

   *Name of law firm*

   340 Houston Street                              Suite C
   *Street address*                                *Suite number*

   Batavia              Illinois    (630) 761-9348
   *City*    *State*    *Zip*       *Phone number*

3. Did you employ the lawyer?

   ☒ Yes

   If yes, when was the lawyer hired?   Late 1999, early 2000

   How much did you pay the lawyer?   $55,000.00

   ☐ No

   If no, what is your connection to the lawyer? _____

4. If your complaint relates to a lawsuit or other court case, please give the following:

   ▸ Name of court (for example: Circuit Court of Cook County):  District Court, Northern District

   ▸ Name of case:   USA v. George Broches

   ▸ Case number:   05 CR 0037-01

*- continued on reverse side -*

**EXHIBIT 3**

***SEE ATTACHED***

During the proceedings arsing from my case, no. 05 CR 50037, the USA v. George Broches, Mr. Muldoon, my atttorney of record, demonstrated incompetence and dishonesty. The result of his incompetent and dishonest representation was my pleading guilty to Bank Fraud in violation of Title 18, United States Code §1344, and a sentence of 97 months rather than one year and a day.

Mr. Muldoon concealed the fact that he:

1) Had no Federal criminal experience;

2) Lied to me about the Plea Agreement and its effects;

3) Failed to object to critical errors in the Pre-sentencing report; and

4) Incorrectly instructed me and failed to correct my financial asset questionaire.

The result of Mr. Muldoon's actions have been devastating to me and my family. Imagine attending your setencing hearing with your attorney's assurance that you would receive a 12 month sentence from the judge and instead being given 97 months. Let me provide greater clarity to each point of Mr. Muldoon's misdeads.

1. Concealed Lack Of Federal Criminal Experience

When I was hiring Mr. Muldoon, I asked whether he had any experience in defending Federal criminal cases. He said yes he did, and was more than qualified to handle my case. After he failed to adequately represent me causing an extaordinary sentence, I did an extensive background check utilizing the computer and Court records. I could not find one instance of a Federal criminal case with Mr. Muldoon as the defense attorney. I did find bankruptcy cases but that was all.

From my experience with Mr. Muldoon, it was clear he had little or no knowledge of the Federal rules applying to a criminal case. Examples of his inability are: 1) failure to present Booker factors at sentencing; 2) failure to complete the PSI questionare properly; 3) failure to understand the sentencing guidelines; 4) failure to negotiate an appropriate plea agreement; and 5) most irronically, inability to complete the appropriate forms to dismiss himself as my attorney of record after I fired him for gross incompetence.

2. Lied About The Plea Agreement

Mr. Muldoon informed me that I was to plead guilty, he could negotiate a Plea agreement which would yield a year and a day sentence. He further advised that he had spoken to the Assistant U.S. Attorney, and the attorney for my brother, Dimitrios Brotsis and all agreed that they would draft and recommend to the Court a year and a day sentence.

My brother, Dimitrios Brotsis was sentenced in the a.m. and was

given, a year and a day for the same alleged crimes. Less than one hour before my sentencing Hearing, Mr, Muldoon asks that I sign a plea agreement for 51 months. I indicated concern and expressed significant misgivings about signing the agreement. He insisted that this was just a formaility and that I would receive the sentence negotiated. As the facts unfolded that day, and what my research has lead me to believe, Mr. Muldoon should have known that the Plea Agreement as drafted and presented to me could never lead to the stated one year and one day sentence. I can only conclude that Mr. Muldoon lied to obtain my signature on the Plea Agreement. Further, prior to sentencing, I requested the opportunity to have community representatives and my family present evidence relating to my background and outstanding charitable achievements. I had hundreds of individuals willing to provide letters in support of a "downward" departure from the guidelines (Booker Factors). Again, Mr. Muldoon indicated there was no need to do all this work because an agreement was reached for a year and a day sentence, and that would occur. It did not. This was another example of Mr. Muldoon's incompetence.

3. <u>Failure To Object To Errors in Pre-sentencing Investigation</u>

I received a copy of my Pre-sentencing report and became concerned. It contained numerous errors which I felt must be immediately corrected. First, it suggested that I had obstructed justice by attempting to withhold financial information. Second, it indicated that I had a criminal record. Both of these findings proved devistating.

The obstruction caused the loss of two point reduction and two point increase (4 points) in the sentencing guidelines. The alleged criminal history added 10 months to my sentence under the guidelines. Mr. Muldoon refused to submit a brief to the Court objecting to these critical findings, again, saying we had an agreement. Both of these issues are, presently being argued on appeal and various attorneys consulted were dismayed by our lack of action to refute these erroneous findings.

4. <u>Incorrect Instructions And Findings To Correct Financial Asset Questionaire</u>

Tied to the previous issue of the Pre-sentence Investigation and the alleged hiding of financial resources was the completion of the financial asset questionaire. Being a Greek immigrant, I have always experienced significant problems completing complex forms. I expressed this concern to Mr. Muldoon, who agreed that I would orally, in his presence, relay the information to the Probation Officer.

I would, then, complete the form submitting to his office for correction and approval. Many of the questions were answered as "N/A" by me because I had already provided the information or thought it was not required. In a number of instances, "N/A" was not the correct response, although I thought it was. Mr. Muldoon had full knowledge that the response was incorrect from the meeting with the Probation Officer and his information from our previous meetings.

Inspite of this, Mr. Muldoon submitted the incorrect questionaire which became the basis of my obstruction charge. I relied on Mr.

Muldoon as my counsel to assure that the form was complete and accurate and he knew of that.

I have attached various documents which should be of assistance in evaluating my complaint. They are:

    A) Payment Receipts
    B) Broches letter to the Judge
    C) Plea Agreement

-3-

U.S.C.A. - 7th Circuit
RECEIVED LMB

OCT 3 1 2006

GINO J. AGNELLO
CLERK

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT
# CHICAGO, ILLINOIS

United States of America

Planfiff,

V.

George Broches
Defendant

Appeal No. 06-3683
No. 05 CR 50037-01
Judge: Phillip G. Reinhard
Northern District of Illinois
Western Division

## RESPOND TO THE MOTION TO WITHDROW

Now Comes George Broches defendant of record client of Peter O. Muldoon and states as fallows

1) That I am a client of record of Peter O. Muldoon in appleas case NO. 06-3683 and case NO. 05 CR 50037-01 Northern District of Illinois Western Division Judge Philip G. Reinhard.
2) That I can not afford to pay for an attorney for legal services to be performed on current pending issues.
3) That the attorney Peter O. Muldoon has failed to communicate with me in an appropriate Fashion to serve effectively my interests
4) My attorney Peter O. Muldoon had been paid in full for his services on all issues before the appeals.
* 5) I know my attorney go into a plea bargain with the U.S attorney and advised me to agree to a plea which was different from the one we agreed.

*[signature: George Broches]*